Leonard vs. Carter et al.

---

## LEONARD VS. CARTER and another.

Where the first part of a written instrument taken by itself, would be good as a note for the payment of money, but that which follows shows that the parties did not intend to make a contract for the payment of money, but for a payment by labor, &c., and the latter portion is so uncertain, that the intention of the parties cannot be ascertained by any legal means of interpreting contracts, the first clause of the instrument will not be enforced, but the whole is void for uncertainty.

APPEAL from the Circuit Court for *Winnebago* County.

Action for the recovery of a money demand.  The complaint alleges that on the 20th day of July, 1857, the defendants made and delivered to the plaintiff a promissory note or instrument in writing, in the words and figures following:  "$200.    Oshkosh, July 20, 1857.    One year from date for value received we promise to pay Jane Leonard or order two hundred doll.  So much thereof is required for building and furnishing materials for sidewalks in front of lots (12), (13), (14), (15,) of block U, lots 4, 6, 8, 10, in block V, and lot 1 of block S, of the Western Addition to Oshkosh; said walk to be built at the rate of twenty-five cts. per foot; with interest at

the rate of twelve per cent. on the balance; and if side walk is not built in year of 1857 int. on so much thereof at seven per cent. int.                                    JOHN N. CARTER,
                                                     JOSIAH DANFORTH."

That said promissory note or instrument in writing had not been paid, nor any part thereof (except the sum of one hundred and five dollars in planking on lots 4, 6, 8 and 10, in block V and lot 1 in block S, July 20, 1857, in all four hundred and twenty feet, which amount is endorsed on said promissory note or instrument in writing,) but that the defendants are now justly indebted to her thereon in the sum of ninety-five dollars with interest on that sum at the rate of twelve per cent. per annum since the 20th day of July, A. D. 1857.

The answer among other things, alleged that the instrument sued on did not express the real intention of the parties, on account of their inadvertance or mistake, and proceeded to state what the defendants claimed to have been the real agreement, and prayed that the agreement might be corrected and reformed. The plaintiff replied denying the material allegations of the answer.

At the trial, the defendants objected to any evidence being given on the part of the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action, but the court overruled the objection, and the plaintiff read in evidence the written instrument set out in the complaint and rested. Judgment for the plaintiff for $126.81, besides costs, from which the defendants appealed.

*Whittemore & Weisbrod*, for appellants.

*C. Coolbaugh*, for respondent.

*By the Court*, PAINE, J.    We think the note on which this suit is brought must be held void for uncertainty.    The first part of it is a good note for the payment of money ; but enough appears after that, to show that the parties did not intend to make a contract for the absolute payment of money, but that

it was intended to make some sort of a contract for payment by building a sidewalk; but what that contract was, it is impossible to ascertain. It presents a case of incurable uncertainty. Not all the aids to interpretation, nor the light of surrounding circumstances, can reveal the idea intended to be conveyed by the party who used these words and figures.

The only question then, is whether the first clause should be enforced as an absolute note for the payment of money, regardless of all that appears after it. We think not. It is the same in principle as though a bond had been drawn with an unintelligible condition. The first part would be plain enough as an unconditional obligation to pay money, but enough appearing to show that the parties did not intend to make such a contract, it would be doing violence to their intention to enforce it as such. If enough did not appear to show that the uncertain part was designed as a qualification or limitation of the certain, perhaps the latter might be enforced alone. But where that does appear, the whole must fall.

The judgment is reversed, with costs, and the cause remanded for a new trial.